UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN FITZPATRICK, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>BIG HEART PET BRANDS,<br><br>          Defendant. | No.  2:16-cv-00063-JAM-AC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

   Big Heart Pet Brands ("Defendant") moves this Court for an order requiring Susan Fitzpatrick ("Plaintiff") to pay Defendant's attorneys' fees and costs.  For the reasons described below, this motion is denied.

       I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

   Plaintiff filed the Complaint in the above-captioned matter in January of last year.  ECF No. 1.  Previously, Plaintiff filed and then voluntarily dismissed—without prejudice and before Defendant filed an answer—an earlier iteration of this lawsuit against Defendant.  Fitzpatrick v. Big Heart Pet Brands, et al.,

1

No. 2:15-cv-02116-TLN-EFB, ECF Nos. 1 & 10.  Plaintiff twice amended her complaint and on November 29, 2016, this Court granted Defendant's Motion to Dismiss.  ECF Nos. 19, 22, & 30. The Court dismissed the case for the same reasons it dismissed Plaintiff's related case against Tyson Foods.  See Fitzpatrick v. Tyson Foods, No. 2:16-cv-00058-JAM-EFB, 2016 WL 5395955, at *1–4 (E.D. Cal. Sep. 27, 2016).  Upon Plaintiff's request, the Court finalized its order and dismissed the case with prejudice on December 12, 2016.  ECF Nos. 31 & 32.  Plaintiff then appealed the decision to the Ninth Circuit at the beginning of this year. ECF No. 34.

Plaintiff sued Defendant for labeling certain food products as "Made in the USA" when, allegedly, those products contained components produced outside of the United States.  See Second Amended Complaint, ECF No. 22.  The relevant statute—Cal. Bus. & Prof. Code § 17533.7—changed on January 1, 2016, and the Court's ruling on the motion to dismiss turned on whether the former or current version of the statute applies to Plaintiff's claims. See Fitzpatrick v. Tyson Foods, 2016 WL 5395955.  The Court determined that the new statute applies to Plaintiff's claims and that because Plaintiff failed to plead under the current statute, the case had to be dismissed.  ECF No. 30.

## II.   DISCUSSION

Defendant seeks attorneys' fees and costs under either California Civil Code § 1780(e) or 28 U.S.C. § 1927.

Under Cal. Civ. Code § 1780(e), a prevailing defendant may be awarded reasonable attorney's fees upon a finding by the court that the plaintiff's prosecution of the action was not in good

faith.  "The party moving for attorneys' fees has the burden of proving that the plaintiff proceeded in subjective bad faith." Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2013 WL 6623740, at *4 (N.D. Cal. Dec. 16, 2013).  An improper motive may be explicit or inferred, but "courts do not automatically infer some ulterior motive where the theory underlying a plaintiff's claim is simply 'weak.'"  Id.  As courts have noted, the underlying purposes of the Consumer Legal Remedies Act ("CLRA") are to protect consumers against unfair and deceptive business practices and the law is thus interpreted to encourage such prosecutions.  Id. (citing Corbett v. Hayward Dodge, Inc., 119 Cal. App. 4th 915, 924 (2004)).  "The Legislature notably omitted any language . . . that indicates attorney fees can be imposed upon a plaintiff prosecuting a CLRA claim solely on a finding that the prosecution was 'frivolous' or without 'reasonable cause.'"  Corbett, 119 Cal. App. 4th at 924.

    The Court does not find that the outcome in Plaintiff's related case against Tyson Foods implies that Plaintiff pursued relief in this matter in bad faith.  The dispositive question of law had not been addressed by an appellate court and had only been addressed by one other district court—months after Plaintiff filed the action—prior to this Court's ruling in Fitzpatrick v. Tyson Foods.  See Rossetti v. Stearn's Products, Inc., CV 16-1875-GW(SSx), 2016 WL 3277295 (C.D. Cal. June 6, 2016).  Thus, the Court cannot say Plaintiff's claims were frivolous, let alone in bad faith.  Furthermore, in light of this Court's decision in the related case, Plaintiff moved to stay this matter pending the outcome of the Tyson Foods appeal "for the sake of judicial

3

economy."  Plaintiff's Notice of Motion and Motion to Stay Proceedings, ECF No. 23, at 1.  In that motion and her Opposition to Defendant's Motion to Dismiss, Plaintiff was candid that the Court's reasoning in Tyson Foods would result in the same outcome in the present matter.  The two cases are now on appeal to the Ninth Circuit where Plaintiff may vindicate her claims in each and revive her case against the different defendants.  Plaintiff's decision to defend her action and pursue an appeal rather than dismiss it in its entirety does not demonstrate bad faith.

    The Court also does not adopt Defendant's view that Plaintiff's prior lawsuit, voluntary dismissal, refiling, and subsequent amendments to the complaint show bad faith.  See Reply at 2-3.  These actions do not indicate to the Court that Plaintiff had an "ulterior motive" in this litigation.

    Alternatively, Defendant seeks sanctions under 28 U.S.C. § 1927.  That section provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "Section 1927 sanctions require a bad faith finding."  West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1527 (9th Cir. 1990). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  Id. (citations and quotation marks omitted).

The Court's findings with respect to Defendant's attorneys' fees claim under the California Civil Code apply to the federal standard as well.  The Court does not find that Plaintiff pursued this litigation in bad faith and thus sanctions are not appropriate.

## III. ORDER

Defendant's Motion for Attorneys' Fees and Costs is DENIED.

IT IS SO ORDERED.

Dated:   March 15, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE